IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cr-261-MEF |
| | ) | (WO) |
| TYRONE WATSON | ) | |
| RASHEEK MORRIS | ) | |
| KEITH TOLBERT | ) | |

# **O R D E R**

On April 24, 2008, the defendant Keith Tolbert filed an Unopposed Motion to Reset Trial (Doc. #93). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that defense counsel has a previously set capital murder trial scheduled for August 18, 2008 and will be unable to properly prepare the instant case for trial on August 11, 2008. Counsel for the government does not oppose a continuance.

Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on April 24, 2008 is GRANTED;

2. That the trial of this case is continued from the August 11, 2008 trial term to the January 26, 2009 trial term in Opelika, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the January 26, 2009 trial term.

DONE this the 29th day of April, 2008.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE