IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cr-261-MEF |
| | ) | (WO—Publish) |
| KEITH TOLBERT | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Keith Tolbert's Motion for Modification of Sentence Under 18 U.S.C. § 3582(c)(2) filed on September 23, 2011.  (Doc. #162.)  For the reasons set forth below, the motion is due to be DENIED.

### I. INTRODUCTION

Keith Tolbert ("Mr. Tolbert") is a prisoner in federal custody on convictions for violating 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance) and 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm During a Drug Trafficking Crime).  (Doc. #147, at 1.)  In the motion before the Court, Mr. Tolbert seeks a reduction in his sentence of imprisonment pursuant to the Fair Sentencing Act of 2010 (the "FSA"),[1] which directed the United States Sentencing Commission (the "Sentencing Commission") to enact retroactive changes to the United States Sentencing Guidelines (the "Guidelines") for certain crack-cocaine offenses.  Specifically, Mr. Tolbert argues that he is entitled to a reduction in his sentence pursuant to Amendment 750 to the Guidelines, which lowered the base offense level under the Guidelines applicable to the quantity of crack

---

[1] Pub. L. No. 111-220, 124 Stat. 2372 (2010).

cocaine involved in his case.  The Retroactivity Screening Panel for the Middle District of Alabama could not reach a unanimous recommendation, but its majority contends that since re-calculating the sentencing range under the amended Guidelines results in the same Guidelines sentence applicable in the original sentencing hearing, Mr. Tolbert is not entitled to any additional reduction in his sentence.  The Court will address these arguments below.

## II. BACKGROUND

### A.    The Fair Sentencing Act of 2010 and Amendments 750 and 759

Over the last six years, there have been significant, retroactive changes to federal crack-cocaine sentencing law.  To start, on November 1, 2007, the Sentencing Commission passed Amendment 706, which lowered the base offense levels for most crack cocaine offenses in U.S.S.G. § 2D1.1 by two levels.  *See* U.S.S.G. Supp. App. C, Amdt. 706; *see also* U.S.S.G. Supp. App. C, Amdt. 711 (making Amendment 706 apply retroactively).

Next, on August 3, 2010, President Obama signed into law the Fair Sentencing Act of 2010 (the "FSA"), which enacted two important changes to the law governing crack-cocaine sentences that are relevant to this case.  First, the FSA amended the threshold drug quantities triggering five- and ten-year mandatory minimum sentences of imprisonment for crack-cocaine offenses in Section 401(b)(1) of the Controlled Substances Act (the "CSA").  *See* Pub. L. No. 111-220, §2(a), 124 Stat. 2372 (2010) (amending the CSA); 21 U.S.C. 841(b)(1)(A)(iii), (B)(iii) (current version of the CSA containing the increased thresholds).  Second, the FSA directed the Sentencing Commission to enact amendments to the Guidelines

2

consistent with other Guidelines provisions and applicable law.  Pub. L. No. 111-220, §8(2), 124 Stat. 2372 (2010).

On November 1, 2011, the Sentencing Commission revised the Guidelines to lower sentencing ranges for crack-cocaine trafficking crimes consistent with the new 18:1 crack-to-powder ratio embodied in the new crack-cocaine quantities triggering five- and ten-year mandatory minimum sentences in the FSA,[2] and those changes were explicitly made permanent and retroactive.  U.S.S.G. Supp. App. C, Amdts. 750, 759.  However, the revisions to the Guidelines did not alter sentencing ranges that are set by the statutory mandatory minimum sentences applicable to crack-cocaine offenses.  U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Although the FSA changed the drug quantities triggering mandatory minimum sentences applicable to crack-cocaine trafficking offenses, Congress did not make those statutory changes apply retroactively, as explained in Section III below.

**B.    Mr. Tolbert's Sentence**

On October 22, 2007, Mr. Tolbert was indicted, along with three co-defendants, for conspiracy to possess with intent to distribute more than 50 grams of cocaine base and more than five kilograms of a mixture and substance containing a detectable amount of cocaine

---

[2]  Prior to the enactment of the FSA, the ratio between the quantities of powder cocaine and crack cocaine triggering 5- and 10-year mandatory minimum sentences was 100:1, which the pre-revision Guidelines closely mirrored.

3

hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and for possessing a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 6). (Doc. #1, at 1, 3.) On August 14, 2008, Mr. Tolbert pled guilty to each count in a binding plea agreement submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. #122.)

At Mr. Tolbert's sentencing hearing on November 4, 2008, he received a total term of imprisonment of 110 months, consisting of 50 months on Count 1 and 60 months on Count 6 to be served consecutively to Count 1. (Doc. #147, at 2.)

**B.     The Calculation of Mr. Tolbert's Term of Imprisonment for Count 1**[3]

>    *1.     The Presentence Investigation Report*

In Mr. Tolbert's Presentence Investigation Report ("PSR"), following the drug quantity table contained in U.S.S.G. § 2D1.1(c) in effect at the time, the probation officer calculated a base offense level of 32 based on the amount of drugs involved in the conspiracy. The probation officer then recommended that Mr. Tolbert receive a two-level reduction in his offense level for his minor role in the conspiracy pursuant to U.S.S.G. § 3B1.2(b). The probation officer further recommended a three-level reduction for Mr. Tolbert's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Accordingly, the total offense level calculated in the PSR was 27.

---

[3] As noted above, in addition to his sentence of imprisonment for Count 1, Mr. Tolbert was given a consecutive mandatory sentence of 60 months for Count 6, in accordance with 18 U.S.C. § 924(c) and U.S.S.G. § 2K2.4(b). Mr. Tolbert does not argue for a reduction in his sentence for Count 6.

2.      *The Sentencing Hearing*

At Mr. Tolbert's sentencing hearing, the Court made specific findings that Mr. Tolbert's total offense level under the Guidelines was 27, his criminal history category was I, and the guidelines sentencing range for Count 1 was 120 months (the then-applicable statutory minimum term of imprisonment for crack-cocaine offenses involving quantities greater than 50 grams).[4]   These Guidelines calculations were based on the Court's finding that, with respect to Count 1, Mr. Tolbert participated in a conspiracy to possess with intent to distribute 184.9 grams of crack cocaine, 32.45 grams of "cocaine hydrochloride" (powder cocaine), and 11 grams of marijuana.

Prior to sentencing and pursuant to the plea agreement, the government filed a motion for downward departure of one level pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).[5] At the sentencing hearing, the Court granted the government's motion, and reduced Mr. Tolbert's offense level by one level from 27 to 26.  The Court found that, consistent with Mr. Tolbert's reduced offense level and in accordance with his criminal history category of I, his new guidelines sentencing range was 63 to 78 months.

During the hearing, Mr. Tolbert also argued for a variance of three more levels

---

[4]  *See* 21 U.S.C. § 841(b)(1)(A) (version effective from July 27, 2006 to April 14, 2009). Absent the mandatory statutory minimum, the applicable guidelines sentencing range would have been 70 to 87 months.

[5]  Because the Court included a reference to § 3553(e) in granting the motion, it had the authority to depart below the applicable mandatory minimum sentence.  *See Melendez v. United States*, 518 U.S. 120, 125–26 (1996).

pursuant to the factors listed in § 3553(a), in addition to the aforementioned one-level downward departure for substantial assistance.   The government did not oppose Mr. Tolbert's arguments for a downward variance, aside from pointing out that Mr. Tolbert frequented the residence where he was found with drugs and a weapon and that it recognized that he was indeed addicted to cocaine.

The Court was persuaded by Mr. Tolbert's variance arguments for a variance pursuant to the factors listed in § 3553(a) and imposed a term of imprisonment on Mr. Tolbert of 50 months for Count 1, which was consistent with an offense level of 23.[6]  Notwithstanding the lack of an objection from the Government at the hearing, this Court now finds that its variance below the applicable statutory mandatory minimum was not permissible because it was not authorized by statute.  *See United States v. Lamar*, 687 F. Supp. 2d 1316, 1320 (M.D. Ala. 2009) (Thompson, J.) (holding that there is no statutory authorization for downward variances below statutory mandatory minimum sentences pursuant to § 3553(a)); *see also United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008) (finding that only two statutory provisions authorize sentences below statutory mandatory minimums—§ 3553(e) for substantial assistance and § 3553(f) for offenses meeting enumerated "safety valve" criteria).   The parties did not argue over whether the downward departure and variance should be calculated from the statutory minimum or the otherwise applicable

---

[6]  With an offense level of 23 and a criminal history category of I, the applicable Guidelines range was 46 to 57 months.

Guidelines offense level.[7]

### III. DISCUSSION

In his motion, Mr. Tolbert seeks a reduction of his sentence on Count 1 pursuant to 18 U.S.C. § 3582(c)(2). This statutory provision grants district courts limited discretion to reduce a term of imprisonment that was imposed based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). More specifically, Mr. Tolbert seeks a reduction based on Amendments 750 and 759 to the Guidelines, which together retroactively reduced the base offense levels applicable to certain crack-cocaine offenses in accordance with the directives of the FSA. *See* U.S.S.G. § 2D1.1(c) (the Guidelines Drug Quantity Table).

At the outset it is important to note that the Eleventh Circuit has held that the statutory mandatory minimum provisions of the FSA are not retroactive in their application. *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) (finding that the lowered statutory mandatory minimums in the FSA do not apply to defendants who were sentenced before its effective date). Accordingly, the pre-FSA mandatory minimum in effect at the

---

[7] By not using the mandatory minimum sentence as the pre-departure starting point after granting the government's motion pursuant to U.S.S.G. § 5K1.1, the Court clearly erred in calculating Mr. Tolbert's sentence under the Guidelines. *See United States v. Head*, 178 F.3d 1205, 1208 (11th Cir. 1999) (affirming a district court's decision to use the statutory minimum sentence as the starting point for a downward departure as consistent with § 3553(e)'s direction to grant departures in accordance with the applicable guidelines). The *Head* opinion explains that "the Guidelines do not contemplate a downward departure for substantial assistance until *after* the court applies section 5G1.1(b), which establishes that the applicable guideline sentence *shall be* the mandatory minimum sentence." *Id.* (emphasis in original).

time of Mr. Tolbert's original sentencing—which has fifty grams triggering the ten-year mandatory minimum[8]—continues to apply to this case, as it applies to sentences imposed prior to the FSA's enactment on August 3, 2010.

The Eleventh Circuit has held that a district court must engage in a two-part analysis in ruling on a motion for a reduction in sentence. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the Court must recalculate the sentencing range under the amended Guidelines. *Id.* In carrying out the first step, "all original sentencing determinations remain unchanged with the sole exception of the Guidelines range that has been amended since the original sentencing." *Id.* If there is no change in the Guidelines range, the analysis stops there, and the motion is due to be denied. If there is a change, the second step is for the Court to decide "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended Guidelines or retain the original sentence." *Id.* at 781.

Thus, as an initial matter, whether relief is available to Mr. Tolbert depends on whether there would be any reduction in his Guidelines sentencing range under the amended Guidelines. According to U.S.S.G. § 1B1.10(b)(2)(B), if a defendant received a downward departure for substantial assistance at his original sentencing hearing, he may receive a sentence comparably less than the amended guideline range. However, if the amended Guidelines range is unchanged, there is no comparably lesser sentence to impose at re-sentencing.

---

[8] 21 U.S.C. § 841(b)(1)(A)(iii) (pre-FSA version of the CSA effective on November 4, 2008, Mr. Tolbert's original sentencing date).

After re-calculating Mr. Tolbert's total offense level under the amended Guidelines based on the drug quantity findings made at the original sentencing, making Mr. Tolbert's base offense level 28,[9] and after applying downward departures of two points for his minor role and three points for his acceptance of responsibility, the Court finds that Mr. Tolbert's amended total offense level is 23 and his criminal history category is I.  Despite the lowered offense level, Mr. Tolbert's applicable pre-departure Guidelines sentence remains 120 months because that was the statutory minimum sentence applicable at the time of the original sentencing.  *See* U.S.S.G. § 5G1.1(b).  As explained above, the FSA's provision changing the drug quantity thresholds for the statutory mandatory minimum sentences does not apply retroactively.[10]  Accordingly, when applying the one-point downward departure to arrive at Mr. Tolbert's re-calculated offense level, the Court will use the lowest offense level encompassing 120 months as its starting point—30.[11]  Therefore, Mr. Tolbert's re-calculated final offense level would be 29, which corresponds to a sentencing range of 87 to 108 months, substantially greater than the 50-month sentence Mr. Tolbert received on Count 1

---

[9]  Under the amended Guidelines drug equivalency table, U.S.S.G. § 2D1.1 cmt. n.8(D), 184.9 grams of crack cocaine, 33.45 grams of cocaine hydrochloride, and 11 grams of marijuana equal approximately 666 kilograms of marijuana, which produces a base offense level of 28 instead of 32, as calculated at the original sentencing, because of changes Amendment 750 made to the drug equivalency table.

[10]  Were the statutory mandatory minimum sentence not still applicable, the otherwise applicable amended Guidelines range would be 46 to 57 months.  U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

[11]  As noted above, the Court finds that a downward variance based on the factors enumerated in § 3553(a), such as the three-point variance granted at the original sentencing hearing, is not legally authorized.  *See Lamar*, 687 F. Supp. 2d at 1320.

at his original sentencing hearing.

In any event, because the recalculated pre-departure sentencing range under the amended Guidelines does not differ from the pre-departure sentencing range applicable at the original sentencing hearing, relief is not available to Mr. Tolbert, and the Court does not have any discretion to reduce Mr. Tolbert's sentence.  18 U.S.C. § 3582(c)(2) (stating that relief under 18 U.S.C. § 3582(c)(2) is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range").

The Court notes that Mr. Tolbert has already benefitted from a mistaken Guidelines calculation that produced a lenient sentence at the original hearing, albeit one to which all parties and the Court agreed.  The Court notes that, at the original sentencing hearing, Mr. Tolbert's total offense level was 27, which was further reduced to 26 when the Court granted the government's motion for downward departure for substantial assistance.  The Court also impermissibly varied downward three additional offense levels, ultimately resulting in a sentence of 50 months on Count 1, consistent with an offense level of 23.  As noted above, in imposing this sentence, the Court did not use the statutory minimum sentence of 120 months as its starting point for its downward departure for substantial assistance, as it should have under *Head*.  178 F.3d at 1208 (holding that the appropriate starting point for a downward departure for substantial assistance is the mandatory minimum sentence, rather than the otherwise applicable guideline range).

Because relief under 18 U.S.C. § 3582(c)(2) is unavailable when a retroactive

amendment "does not have the effect of lowering the defendant's applicable guideline range," 18 U.S.C. § 3582(c)(2), and because Amendments 750 and 759 have no effect on the mandatory minimum sentence that constitutes the Guidelines sentencing range in this case, the Court finds that Mr. Tolbert is not entitled to any further reduction in his sentence.

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant Keith Tolbert's motion (Doc. #162) is DENIED.

DONE this the 9th day of July, 2013.

_____
/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE